eFiled
9/16/2025 11:00:14 AM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | | |
|---|---|---|
| CHANEL HARRISON | * | |
| 2210 Adams Place NE #1 | * | |
| Washington, DC 20018 | * | |
| | * | Case No.:   2025-CAB-006223 |
| Plaintiff | * | |
| vs. | * | |
| DISTRICT OF COLUMBIA | * | |
| OFFICE OF UNIFIED COMMUNICATIONS | * | |
| 2720 Martin Luther King Jr. Ave. SE | * | |
| Washington, DC 20007 | * | |
| | * | |
| Defendant | | |

## COMPLAINT

**COMES NOW,** the Plaintiff, Chanel Harrison, by and through his attorneys, Timian & Fawcett, LLC. and Kelly S. Buchanan and bring suit against the Defendant, District of Columbia, and as grounds therefore states as follow:

1.   Jurisdiction is vested in this Honorable Court in that the Defendant's tortious actions occurred in the District of Columbia, and the statutory basis of the claim is Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

2.   That on or about April 30, 2024, in the normal course of Ms. Harrison's workday as a Management Analyst for the Office of Unified Communications (OUC) in the District of Columbia, coworker Mr. Maurice Clayborne took a microphone, and placed it beside his genitals and made humping motions before placing it inches from Ms. Harrison's mouth while smiling and laughing.

3.      In the absence of her first line supervisor, Mr. Gavin Sures, Ms. Harrison reported the behavior to another manager, Ms. Selena McArthur. Ms. McArthur discouraged Ms. Harrison from reporting Mr. Clayborne's behavior because she "did not want to get him fired."

4.      That during the course of the OUC's investigation of the incident, the investigator did not interview key witnesses that Ms. Harrison identified as having witnessed the incident, or that Ms. Harrison spoke to directly after.

5.      That during the course of the OUC's investigation, the investigator refused to review footage of the incident that would have corroborated Ms. Harrison's account of what occurred.

6.      That on or around June 10, 2024, Ms. Harrison was removed from her position as a Management Analyst and involuntarily transferred to Human Resources while Mr. Clayborne was allowed to stay in his position.

7.      That on September 20, 2024, OUC denied Ms. Harrison's request for FMLA leave for no reason, instead placing her on administrative leave.

8.      That after the OUC finally approved Ms. Harrison's FMLA, from a period of November 4, 2024, through December 2, 2024, Ms. MacArthur, who was Ms. Harrison's first line supervisor at the time marked Ms. Harrison AWOL 154 times.

9.      That between October and December 2024, Ms. Harrison made many attempts to contact OUC leadership to discuss her return and reintegration into her position. No one responded.

9.      That on or around December 22, 2024, Ms. Harrison discovered that her email and systems access had been fully deactivated,

10.     That, assuming she had been terminated, Ms. Harrison filed for – and was awarded unemployment benefits by Defendant in February 2025.

11.    Under this assumption of termination, Ms. Harrison filed a complaint with the Office of Employee Appeals, however, the administrative judge failed to find that she had been terminated and therefore had no standing.

12.    As a result of the adverse employment Ms. Harrison filed a complaint of retaliation with the District of Columbia Office or Human Rights (cross-filed with EEOC).  Prior to commencing the investigation, the EEOC Deputy Director Philip Hoefs told her that "nobody cares," that this case may be "to heavy" for her, and stated that she did not have any proof to support her claim.

13.    That on February 10, 2025, Defendant/Respondent sent their answer directly to Deputy Director Hoefs, bypassing the EEOC portal entirely and initiating *ex parte* communication between Deputy Director Hoefs and Defendant/Respondent.

14.    That on May 1, 2025, Deputy Director Hoefs sent Ms. Harrison Defendant/Respondent's position statement dated February 10, 2025; meaning that Deputy Director Hoefs withheld this information from Ms. Harrison for nearly three months.

15.    That on May 30, 2025, Ms. Harrison received official notice from Defendant/Respondent that they were terminating her employment.

As a result of Defendant's actions, Plaintiff was diagnosed with Post Traumatic Stress Disorder and Generalized Anxiety Disorder, which caused her to sustain panic attacks, weight loss, and sleep disturbances.  Despite treatment and medication, Ms. Harrison continues to suffer from poor sleep, panic attacks, persistent headaches, chest tightness, tremors, and dizziness.

**WHEREFORE**, Plaintiff, Chanel Harrison, prays that this Honorable Court enter judgment against the Defendant, The District of Columbia in the sum of $625,000.00 (six hundred twenty five thousand dollars) inclusive of back pay and compensatory damages, plus the

cost of filing this suit and interest; reassignment to a remote only role as a GS-13, record correction, and attorney's fees and costs of filing this suit.

TIMIAN & FAWCETT, LLC

*Kelly Buchanan*

Kelly S. Buchanan #90009352
8201 Corporate Drive, #730
Hyattsville, MD 20785
(240) 487-7560
kelly@timinafawcett.com
*Attorney for Plaintiffs*

## JURY DEMAND
Plaintiff hereby demands a trial by a jury as to all issues of fact herein.

TIMIAN & FAWCETT, LLC

*Kelly Buchanan*

Kelly S. Buchanan #90009352



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Chanel Harrison
_____
                        Plaintiff
        vs.

                                                    Case Number ___2025-CAB-006223___

District of Columbia Office of Unified Communications
_____
                        Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Kelly S. Buchanan
_____
Name of Plaintiff's Attorney

8201 Corporate Dr, Suite 730
_____
Address
Hyattsville, MD 20785

240-487-7560
_____
Telephone

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

_____
                        Clerk of the Court

By _____
                        Deputy Clerk

Date ___9/17/2025___

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                 Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

| | |
|---|---|
| Chanel Harrison | Case Number: 2025-CAB-006223 |
| _Plaintiff(s)_ | |
| vs | Date: 9/16/2025 |
| District of Columbia Office of United Communications | ☐ One of the defendants is being sued in their official capacity. |
| _Defendant(s)_ | |

**Name:** *(Please Print)*
Kelly S. Buchanan

**Firm Name:**
Timian & Fawcett, Esq.

**Telephone No.:** (240) 487-7560     **Unified Bar No.:** 90009352

**Relationship to Lawsuit**
- ☑ Attorney for Plaintiff
- ☐ Self (Pro Se)
- ☐ Other:

**TYPE OF CASE:** ☐ Non-Jury   ☑ 6 Person Jury   ☐ 12 Person Jury

**Demand:** $ 625,000.00     Other: _____

**PENDING CASE(S) RELATED TO THE ACTION BEING FILED**

Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar #: _____

---

**NATURE OF SUIT:** *(Check One Box Only)*

**CONTRACT**
- ☐ Breach of Contract
- ☐ Breach of Warranty
- ☐ Condo/Homeowner Assn. Fees
- ☐ Contract Enforcement
- ☐ Negotiable Instrument

**COLLECTION/INS. SUB**
- ☐ Debt Collection
- ☐ Insurance Subrogation
- ☐ Motion/Application for Judgment by Confession
- ☐ Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**
- ☐ Breach of Contract
- ☐ Discrimination
- ☐ Wage Claim
- ☐ Whistle Blower
- ☑ Wrongful Termination

**REAL PROPERTY**
- ☐ Condo/Homeowner Assn. Foreclosure
- ☐ Declaratory Judgment
- ☐ Drug Related Nuisance Abatement
- ☐ Ejectment
- ☐ Eminent Domain
- ☐ Interpleader
- ☐ Other
- ☐ Quiet Title
- ☐ Specific Performance

- ☐ **FRIENDLY SUIT**
- ☐ **HOUSING CODE REGULATIONS**
- ☐ **QUI TAM**
- ☐ **STRUCTURED SETTLEMENTS**

**ADMINISTRATIVE PROCEEDINGS**
- ☐ Administrative Search Warrant
- ☐ App. for Entry of Jgt. Defaulted Compensation Benefits
- ☐ Enter Administrative Order as Judgment
- ☐ Libel of Information
- ☐ Master Meter
- ☐ Petition Other

- ☐ Release Mechanics Lien
- ☐ Request for Subpoena

**MALPRACTICE**
- ☐ Medical – Other
- ☐ Wrongful Death

**AGENCY APPEAL**
- ☐ Dangerous Animal Determination
- ☐ DCPS Residency Appeal
- ☐ Merit Personnel Act (OEA)
- ☐ Merit Personnel Act (OHR)
- ☐ Other Agency Appeal

☐ **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**
- ☐ Currency
- ☐ Other
- ☐ Real Property
- ☐ Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**
- ☐ Birth Certificate Amendment
- ☐ Death Certificate Amendment
- ☐ Gender Amendment
- ☐ Name Change

**TORT**
- ☐ Abuse of Process
- ☐ Assault/Battery
- ☐ Conversion
- ☐ False Arrest/Malicious Prosecution
- ☐ Libel/Slander/Defamation
- ☐ Personal Injury
- ☐ Toxic Mass
- ☐ Wrongful Death (Non-Medical Malpractice)

**GENERAL CIVIL**
- ☐ Accounting
- ☐ Deceit (Misrepresentation)
- ☐ Fraud
- ☐ Invasion of Privacy
- ☐ Lead Paint
- ☐ Legal Malpractice
- ☐ Motion/Application Regarding Arbitration Award
- ☐ Other - General Civil

- ☐ Product Liability
- ☐ Request for Liquidation
- ☐ Writ of Replevin
- ☐ Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
- ☐ Asbestos

**MORTGAGE FORECLOSURE**
- ☐ Non-Residential
- ☐ Residential

**STATUTORY CLAIM**
- ☐ Anti – SLAPP
- ☐ Consumer Protection Act
- ☐ Exploitation of Vulnerable Adult
- ☐ Freedom of Information Act (FOIA)
- ☐ Other

**TAX SALE FORECLOSURE**
- ☐ Tax Sale Annual
- ☐ Tax Sale Bid Off

**VEHICLE**
- ☐ Personal Injury
- ☐ Property Damage

- ☐ **TRAFFIC ADJUDICATION APPEAL**
- ☐ **REQUEST FOR FOREIGN JUDGMENT**

_____
Filer/Attorney's Signature

9/16/25
Date

CV-496/February 2023



**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**

**Case Number:** 2025-CAB-006223

**Case Style:** Chanel Harrison v. District of Columbia Office of United Communications

### INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 12/19/2025 | 9:30 AM | Remote Courtroom 415 |

**Please see attached instructions for remote participation.**

Your case is assigned to Associate Judge Julie H Becker.

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order.  Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb415

   Meeting ID: 129 314 3475

2) When you are ready, click "Join Meeting".

3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.


**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

2) Enter the Webex Meeting ID listed above followed by "##"


**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.

2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.

3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.

4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities**:

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción**:

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች**:

የዲ.ሲ. ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩትን የጸሀፊ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.



## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  📞 Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record  is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings
### (Click here for more information)

- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.

 

# District of Columbia Courts

# Tips for Using DC Courts Remote Hearing Sites

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are four remote access sites throughout the community which will operate **Monday – Friday, 8:30 am – 4:00 pm.**



| **Remote Site – 1** | **Remote Site – 3** |
|---|---|
| Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 |
| **Remote Site – 2** | **Remote Site – 4** |
| Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |

**If you want to use a remote site location for your hearing**, call 202-879-1900 or email DCCourtsRemoteSites@dcsc.gov at least 24 hours before your hearing to reserve a remote access computer station.

**If you require special accommodations such as an interpreter for your hearing**, please call 202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements.

**\*You should bring the following items when you come to your scheduled site location\***

1. Your case number and any hyperlinks provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

\*Safety and security measures are in place at the remote sites.

**Contact information to schedule your remote access computer station:**
Call:  202-879-1900
Email:  DCCourtsRemoteSites@dcsc.gov




# Tribunales del Distrito de Columbia
## Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay cuatro sitios de acceso remoto que funcionarán **de Lunes a Viernes, de 8:30 am a 4:00 pm**.

| | |
|---|---|
| **Sito Remoto – 1**<br><br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Sito Remoto – 3**<br><br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 |
| **Sito Remoto – 2**<br><br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Sito Remoto – 4**<br><br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |



**Si desea usar un sitio remoto para su audiencia**, llame al 202-879-1900 o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.

**Si necesita adaptaciones especiales**, como un intérprete para la audiencia, llame al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***
1. Su número de caso y todos los hipervínculos que le hayan proporcionado los Tribunales para la audiencia programada.
2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.
3. Materiales para tomar nota, como papel y lápiz.

\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: 202-879-1900
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

eFiled
10/29/2025 12:00:10 PM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

CHANEL HARRISON                           *

                                          *
            Plaintiff
                                              Case No.: 2025-CAB-006223
                                          *   Judge Julie H. Becker
vs.
                                          *

DISTRICT OF COLUMBIA OFFICE
OF UNIFIED COMMUNICATIONS
                                          *
            Defendant

## AFFIDAVIT OF MAILING

**COMES NOW** Counsel for the Plaintiff, Chanel Harrison, and states the following under

oath:

1.      That on or about September 18, 2024, I mailed the Summons, Complaint, and

Initial Order and Addendum to Defendant, District of Columbia Office of Unified

Communications, located at 2720 Martin Luther King Jr Ave SE, Washington, DC 20007, via

Certified Mail, and it was delivered. (Please see attached Return Receipt as Exhibit 1).


                        **TIMIAN & FAWCETT, LLC**


                        Kelly S. Buchanan, Esq. #90009352
                        8201 Corporate Drive, #730
                        Hyattsville, MD 20785
                        (240) 487-7560
                        kelly@timianfawcett.com
                        *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29 day of Oct 2025, a copy of the foregoing Affidavit of Mailing was mailed first-class, postage prepaid to:

District of Columbia
Office of Unified Communications
2720 Martin Luther King Jr Ave SE
Washington, DC 20007
*Defendant*

Kelly S. Buchanan, Esq. #90009352
*Attorney for Plaintiff*

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X      ☐ A<br>         ☐ A<br>B. Received by *(Printed Name)*    C. Date of |

1. Article Addressed to:

District of Columbia
Office of Unified Communications
2720 Martin Luther King Jr Ave SE
Washington, DC 20007

D. Is delivery address different from item 1? ☐ Ye
    If YES, enter delivery address below: ☐ N



9590 9402 9530 5121 6466 77

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
    Mail
    Mail Restricted Delivery
    00)

☐ Priority Mail Ex
☐ Registered Mai
☐ Registered Mai
   Delivery
☐ Signature Conf
☐ Signature Conf
   Restricted Deliv

2. Article Number *(Transfer from service label)*

9589 0710 5270 3423 1800 73

PS Form 3811, July 2020 PSN 7530-02-000-9053            Domestic Return



USPS TRACKING #

9590 9402 9530 5121 6466 77

First-Class Mail
Postage & Fees
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

**Timian ◦ Fawcett**
8201 Corporate Drive, Suite 730
Hyattsville, MD 20785

Atty'. Kelly Buchanan



Chanel Harrison

eFiled
11/18/2025 1:19:41 PM
Superior Court
of the District of Columbia

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

CHANEL HARRISON,

*Plaintiff,*

v.

DISTRICT OF COLUMBIA OFFICE OF
UNIFIED COMMUNICATIONS,

*Defendant.*

2025 CAB 006223
Judge Julie H. Becker
Next Court Date: December 19, 2025
Event: Initial Scheduling Conference

## NOTICE OF APPEARANCE

The Clerk of the Court will please enter the appearance of Assistant Attorney General

Miles Coll on behalf of Defendant District of Columbia Office of Unified Communications.

Dated: November 18, 2025

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

*/s/ Miles A. Coll*
MILES A. COLL*
Assistant Attorney General
400 6th Street, NW
Washington, D.C. 20001
(202) 285-0958
miles.coll@dc.gov

*Counsel for Defendant District of Columbia Office*

*of Unified Communications*

\*Admitted to practice only in the State of New York. Practicing in the District of Columbia under the direct supervision of Christina Okereke, a member of the D.C. Bar, pursuant to D.C. Court of Appeals Rule 49(c)(4).

eFiled
12/8/2025 7:54:54 PM
Superior Court
of the District of Columbia

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CHANEL HARRISON,

*Plaintiff*,

v.

DISTRICT OF COLUMBIA OFFICE OF
UNIFIED COMMUNICATIONS,

*Defendant*.

2025 CAB 006223
Judge Julie H. Becker
Next Court Date: December 19, 2025
Event: Initial Scheduling Conference

## DEFENDANT DISTRICT OF COLUMBIA OFFICE OF UNIFIED COMMUNICATION'S MOTION TO DISMISS THE COMPLAINT, OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

### INTRODUCTION

Defendant District of Columbia Office of Unified Communications (OUC) respectfully

moves to dismiss the Complaint under Super. Ct. Civ. R. 12(b)(5) for failing to properly serve the

District of Columbia, and under Rule 12(b)(6) for failing to state a claim, or, in the alternative, for a

more definite statement under Super. Ct. Civ. R. 12(e).  Plaintiff complains under Title VII of the

Civil Rights Act of 1964 of wrongful termination by OUC, her former employer. *See* Compl.  For

the reasons explained below, Plaintiff's complaint should be dismissed because Plaintiff did not

properly serve Defendant, OUC is *non sui juris*, and even if the District of Columbia were

substituted as the proper defendant, Plaintiff fails to state any plausible claim for relief.

### FACTS

Plaintiff Chanel Harrison alleges that she was previously employed as a management

analyst by OUC. *See* Compl. at 1 ¶ 2.  Plaintiff alleges that on or about April 30, 2024, during the

normal course of a workday, Plaintiff's coworker, Maurice Clayborne, "took a microphone, . . .

placed it beside his genitals and made humping motions before [then] placing [the microphone]

inches from [Plaintiff's] mouth while smiling and laughing." *Id*. Plaintiff alleges that she reported Clayborne's behavior to manager Selena McArthur. *Id*. at 2 ¶ 3. Plaintiff alleges that McArthur "discouraged" Plaintiff from reporting Clayborne's alleged behavior because McArthur "did not want to get [Clayborne] fired." *Id*. Plaintiff alleges that, during the resulting investigation, OUC's investigator failed to interview key witnesses identified by Plaintiff and "refused to review footage of the incident that would have corroborated [Plaintiff's] account of what occurred." *Id*. ¶¶ 4-5.

Plaintiff alleges that on or around June 10, 2024, OUC "removed" Plaintiff from her position as a management analyst and "involuntarily transferred" her to a new position in human resources. *Id*. ¶ 6. Plaintiff alleges that, simultaneously, OUC allowed Clayborne to stay in the position that he already occupied. *See id*. Plaintiff alleges that on or around September 20, 2024, OUC denied Plaintiff's request for FMLA leave "for no reason." *Id*. ¶ 7. Plaintiff alleges that OUC "instead plac[ed] [her] on administrative leave." *Id*. Plaintiff claims that OUC ultimately approved her FMLA request covering a period from November 4, 2024, through December 2, 2024. *See id*. ¶ 8. Plaintiff alleges that after OUC approved Plaintiff's FMLA request, Plaintiff's supervisor, MacArthur "marked" Plaintiff "AWOL" 154 times. *Id*.

Plaintiff alleges that between October and December 2024, Plaintiff "made many attempts" to contact OUC about her return and reintegration into her prior position. *Id*. ¶ 9. Plaintiff alleges that OUC never responded to Plaintiff. *See id*. Plaintiff alleges that on or around December 22, 2024, she discovered that her email and systems access had been fully deactivated. *See id*. ¶ 9. Plaintiff alleges that, under the "assum[ption] she had been terminated," she "filed for—and was awarded"—unemployment benefits by the District in February 2025. *Id*. ¶ 10. Plaintiff further alleges that, "[u]nder th[e] assumption of termination," she filed a complaint with the Office of Employee Appeals. *Id*. at 3 ¶ 11. However, the presiding administrative judge concluded that Plaintiff had not yet been terminated by OUC and therefore did not have standing. *Id*.

Plaintiff alleges that, "[a]s a result of the adverse employment [action]" she filed a retaliation complaint with the District of Columbia Office of Human Rights (OHR) and cross-filed a claim with the EEOC. *Id*. ¶ 12.  She alleges that, "[p]rior to commencing the investigation," EEOC Deputy Director Philip Hoefs told her that "nobody cares, that this case may be 'too heavy' for [Plaintiff]," and that Plaintiff did not "have any proof to support her claim." *Id*.

Plaintiff alleges that, on February 10, 2025, OUC "bypass[ed] the EEOC portal entirely and initiate[d] *ex parte* communication" with Deputy Director Hoefs. *Id*. ¶ 13.  Plaintiff alleges that, on May 1, 2025, Deputy Director Hoefs sent Plaintiff OUC's position statement dated February 10, 2025.  *See id*. ¶ 14.  Plaintiff alleges that, on May 30, 2025, she was officially notified by OUC that it was terminating her employment.  *See id*. ¶ 15.

Plaintiff now brings a claim of wrongful termination, *see* Pl.'s Information Sheet at 1 (checking box for "Wrongful Termination"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et. seq*., *see* Compl. at 1 ¶ 1.

## STANDARD OF REVIEW

### Rule 12(b)(5)

To effect proper service on a District agency, a plaintiff must either deliver or mail the service package to the Mayor, the Attorney General, and the agency.  Super. Ct. Civ. R. 4(j)(3)(D); *see Neill v. District of Columbia Public Employee Relations Bd.*, 93 A.3d 229, 236, 241 n.55 (D.C. 2014) (comparing the "analogous provision" of Rule 4 to the "service requirement of Rule 1," which "makes clear that the agency must be served as well").  If the plaintiff fails to comply with these requirements, "the trial court ha[s] no choice but to dismiss [the] complaint for failure to comply with Rule[] 4(j) . . . ."  *Thompson v. District of Columbia*, 863 A.2d 814, 817–18 (D.C. 2004) (declining to reverse on the grounds that plaintiff otherwise "substantially complied" by serving most of the parties, explaining that "[t]he word 'and' permits no other interpretation").

3

**Rule 12(b)(6)**

Under Rule 8(a), pleadings must state "a claim for relief" containing "a short plain statement of the claim showing that the pleader is entitled to relief." Super. Ct. Civ. R. 8(a). Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim in compliance with Rule 8(a). Super. Ct. Civ. R. 12(b)(6). "To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, and the factual allegations must be enough to raise a right to relief above a speculative level." *Ct. for Inquiry, Inc., v. Walmart, Inc.*, 283 A.3d 109, 117 (D.C. 2022) (quoting *Bereston v. UHS OF Del., Inc.*, 180 A.3d 95, 99 (D.C. 2018)). A claim has facial plausibility only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A "naked assertion devoid of further factual enhancement" cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. Therefore, although a court "must accept as true all of the allegations contained in a complaint," "threadbare recitals of the elements of a cause of action supported by mere conclusory statements" will not suffice. *Sudberg v. TTR Realty, LLC*, 109 A.3d 1123, 1128-29 (D.C. 2015) (quoting *Iqbal*, 556 U.S. at 678). Courts are not required to "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint," nor are courts required to accept "legal conclusions cast in the form of factual allegations." *Kowall v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**Rule 12(e)**

"Rule 12(e) permits a defendant to move for a more definite statement if a pleading is so vague or ambiguous that the party cannot reasonably prepare a response. When a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is

4

not to move to dismiss but to move for a more definite statement." *Thorp v. District of Columbia*, 309 F.R.D. 88, 90 (D.D.C. 2015) (cleaned up). "Rule 12(e) provides defendants with a remedy for inadequate complaints that fail to meet the minimum pleading standard set forth in Rule 8(a)." *McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 34 (D.D.C. 2007). "Mindful that all litigants are entitled to proper notice pleading under Rule 8(a), . . . the court will grant relief pursuant to Rule 12(e) where the pleading is 'so vague or ambiguous that a party cannot reasonably be required to frame a respons[e].'" *Id.* at 35 (quoting Fed. R. Civ. P. 12(e)).

**ARGUMENT**

**I.    Plaintiff's Complaint Should Be Dismissed for Improper Service.**

The Complaint should be dismissed for improper service. Rule 4(j)(3)(D) prescribes how the District should be served. To properly serve the District, a plaintiff "must serve by delivering . . . or mailing . . . a copy of the summons, complaint, Initial Order, any addendum to that order, and any other order . . . to the Mayor . . . and the Attorney General of the District of Columbia." Super. Ct. Civ. R. 4(j)(3)(A).[1] Thus, Plaintiff must serve the Office of the Attorney General to properly effect service. Yet the Office of Attorney General has not received service in this matter. *See* Robinson Decl. Indeed, the affidavit of service filed by Plaintiff reflects that she served OUC at the address 2720 Martin Luther King Jr Avenue NE, Washington, D.C. 20007, *see* Dkt., Aff. of Service (Oct. 29, 2025), but does not reflect that Plaintiff served the Office of the Attorney General, which is located at 400 6th Street NW, Washington, D.C., *see* https://oag.dc.gov/about-oag/contact-us (last visited Dec. 8, 2025). Accordingly, because Plaintiff failed to properly serve the District, the Complaint should be dismissed.

---

[1]    A party may also serve the District by email. https://oag.dc.gov/about-oag/serve-district-civil-lawsuit ("The preferred method for serving the District . . . is to email all required papers to oagserviceofprocess@dc.gov.").

II.    **Defendant OUC Is *Non Sui Juris*.**

Plaintiff names OUC as the sole defendant in this case, but as a "bod[y] within the District of Columbia government," OUC is *non sui juris*, meaning it is "not suable as [a] separate entit[y]" from the District of Columbia. *Braxton v. National Capital Housing Authority*, 396 A.2d 215, 216 (D.C. 1978). OUC is a District agency "subordinate . . . under the Mayor." D.C. Code § 1-327.52(a) (establishing OUC under the Executive Branch of the District government). Thus, Plaintiff's claims against OUC should be dismissed because OUC cannot be sued.

When claims are brought against a *non sui juris* agency, courts may substitute the District of Columbia (the District) as the proper defendant. *See, e.g.*, *Sampson v. D.C. Dep't of Corrs.*, 20 F. Supp. 3d 282, 285 (D.D.C. 2014) ("When a plaintiff erroneously names as a defendant a District of Columbia agency instead of the District of Columbia itself, a court may substitute the District as a defendant for its agency."). But here, even if the Court were to substitute the District as the proper defendant, Plaintiff fails to state a plausible claim for relief, and therefore the Complaint should be dismissed. *See* Section III, *infra*.

III.    **Plaintiff's Complaint Does Not Meet the Requirements of Rule 8(a), and Therefore It Should Be Dismissed for Failure to State a Claim, or in the Alternative, the Court Should Require Plaintiff to File a More Definite Statement.**

Plaintiff checked the "Wrongful Termination" box on her Information Sheet, *see* Info. Sheet, and purports to bring a claim under Title VII, *see* Compl. at 1 ¶ 1. However, Plaintiff fails to state any cognizable wrongful termination claim. To adequately plead a wrongful termination claim under Title VII, a plaintiff must allege that "(1) the plaintiff is a member of a protected class, (2) the plaintiff suffered an adverse employment action, and (3) the plaintiff's discharge gave rise to an inference of discrimination." *Lindsey v. Rice*, 524 F.Supp.2d 55, 59 (D.D.C. 2007). Plaintiff, however, does not assert any cause of action under Title VII. Indeed, Plaintiff neither asserts what her protected-class status is nor why her discharge gives rise to an inference of discrimination. *See*

Compl.  Plaintiff's complaint makes one cursory reference to "Title VII," *see* Compl. ¶ 1, but includes no causes of action specifying what claims she brings under the statute, i.e. discrimination, retaliation.  *See* Compl.  Therefore, the District is unable to properly respond to the Complaint because it does not know what the claims are.

Plaintiff's complaint fails to allege sufficient facts in compliance with Rule 8(a).  Under Rule 8(a), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Super. Ct. Civ. R. 8(a).  "[A] complaint must set forth sufficient information to outline the legal elements of a viable claim for relief or to permit inferences to be drawn from the complaint that indicate that these elements exist."  *Potomac Dev. Corp. v. District of Columbia*, 28 A.3d 531, 545 (D.C. 2011) (quoting *Williams v. District of Columbia*, 9 A.3d 484, 488 (D.C. 2010)).  Plaintiff's complaint fails to meet this minimal burden.  Because Plaintiff's complaint fails to comply with Rule 8(a), it should be dismissed for failure to state a claim.  *See Sonmez v. WP Company LLC*, 330 A.3d 285, 313 (D.C. 2025) (dismissing a variety of discrimination claims at the pleading stage); *Yusuff v. District of Columbia*, No. 25-00309(EGS), 2025 WL 1233917, at *1 (D.D.C. April 29, 2025) (noting that the Superior Court ordered the *pro se* plaintiff, "to the extent [plaintiff] has attempted to allege discrimination claims based on District or federal law . . .  to file an amended complaint clearly alleging any such causes of action and the essential facts supporting them").

## CONCLUSION

For these reasons, the Court should grant this motion and dismiss the Complaint.

Dated: December 8, 2025                    Respectfully submitted,

                                          BRIAN L. SCHWALB
                                          Attorney General for the District of Columbia

                                          CHAD COPELAND

7

Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

*/s/ Miles A. Coll*
MILES A. COLL
Assistant Attorney General
400 Sixth Street, NW
Washington, D.C. 20001
(202) 285-0958
miles.coll@dc.gov

*Counsel for Defendant D.C. Office of Unified
Communications*

*Admitted to practice only in the State of New York.
Practicing in the District of Columbia under the direct
supervision of Christina Okereke, a member of the
D.C. Bar, pursuant to D.C. Court of Appeals Rule
49(c)(4).

8

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

CHANEL HARRISON,

          *Plaintiff*,

  v.

DISTRICT OF COLUMBIA OFFICE OF
UNIFIED COMMUNICATIONS,

          *Defendant*.

2025 CAB 006223
Judge Julie H. Becker

**ORDER**

Upon consideration of Defendant's Motion to Dismiss the Complaint, any opposition and

reply thereto, and the entire record, it is this _____ day of _____ 2025, hereby

**ORDERED** that Defendant's Motion is **GRANTED**; it is further

**ORDERED** that the Complaint is **DISMISSED**.


**SO ORDERED**.

_____
Judge Julie H. Becker
Superior Court of the District of Columbia

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| CHANEL HARRISON, | |
| *Plaintiff,* | 2025 CAB 006223 |
| | Judge Julie H. Becker |
| v. | Next Court Date: December 19, 2025 |
| | Event: Initial Status Conference |
| DISTRICT OF COLUMBIA OFFICE OF | |
| UNIFIED COMMUNICATIONS, | |
| *Defendant.* | |

## DECLARATION OF TONIA ROBINSON

I, TONIA ROBINSON, pursuant to Super. Ct. Civ. R. 9-I, declare under penalty of perjury that the following is true and correct:

1.      I have been employed by the Office of the Attorney General for the District of Columbia (OAG) since 1987, holding the position of Staff Assistant from 2006 until the present.

2.      I am designated and authorized to accept service of process for lawsuits filed against the District of Columbia.  In April 2020, because of the COVID-19 pandemic, OAG implemented electronic service of process by email.  OAG continues to accept service of process for lawsuits filed against the District of Columbia by email to a designated email address, as well as by certified or registered mail pursuant to applicable court rules, and by hand delivery to individuals designated by OAG to receive in-person service.

3.      In my capacity as Staff Assistant, my responsibilities include processing mail, including opening, sorting, and delivering mail to the appropriate recipient.  If a complaint is served on the District by certified mail or registered mail, either I or my colleague Marjorie Thomas would receive it through the mail and sign for it.

4.      I document receipt of all new lawsuits, whether by electronic service or by

2

certified or registered mail.

5.      I reviewed my records of new lawsuits, and I have no record of OAG receiving the Summons and Complaint in this this matter, and I never accepted service on behalf of the District of Columbia for this matter, either by electronic service or by certified or registered mail.

I declare under penalty of perjury that the foregoing is true and correct.


EXECUTED ON THIS 8TH DAY OF DECEMBER 2025.


TONIA ROBINSON
Staff Assistant

3

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **CHANEL HARRISON**<br>　　　**Plaintiff,**<br><br>　　　**v.**<br><br>**DISTRICT OF COLUMBIA OFFICE OF**<br>**UNITED COMMUNICATIONS**<br>　　　**Defendant.** | **Case No. 2025-CAB-6223**<br><br>**Judge Julie H. Becker** |

## <u>SCHEDULING ORDER</u>

This matter is set for a remote initial scheduling conference on December 19, 2025. The

Court notes that there is a pending Motion to Dismiss in this matter, filed December 8, 2025. The

Court will therefore continue the hearing to a later date. Accordingly, it is this 16th day of

December, 2026, hereby

**ORDERED** that the remote initial scheduling conference on December 19, 2025, is

**VACATED** and **CONTINUED** to March 6, 2025 at 9:30am in courtroom 415.

**SO ORDERED**.

　　　　　　　　　　　　　　　　　　　　　　　　_Julie H Becker_
　　　　　　　　　　　　　　　　　　　　　　　　**Julie H. Becker**
　　　　　　　　　　　　　　　　　　　　　　　　**Associate Judge**

Copies to:
Parties and counsel of record via Odyssey



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

District of Columbia Office of United Communications
2720 Martin Luther King Jr AVE SE
Washington DC  20007

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Chanel Harrison v. District of Columbia Office of United Communications

**To:**  District of Columbia Office of United          **Case Number:**     2025-CAB-006223

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **12/19/2025** at **9:30 AM** in **Remote Courtroom 415**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

    Link: dccourts.webex.com/meet/ctb415

    Meeting ID: 129 314 3475

2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
    Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

Accessibility and Language Access Information for Superior Court

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice.  For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፦**

የዲ.ሲ. ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤት ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Kelly Suzanne Buchanan
The Day Law Practice LLC
110 North Washington Street Suite 300 #30
Rockville MD  20850

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Chanel Harrison v. District of Columbia Office of United Communications

**To:**  Kelly Suzanne Buchanan                    **Case Number:**    2025-CAB-006223

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **12/19/2025** at **9:30 AM** in **Remote Courtroom 415**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb415

   Meeting ID: 129 314 3475

2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice. For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሚ አገልግሎቶች፦**

የዲ.ሲ. ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናግሩ።። ለበለጠ መረጃ https://www.dccourts.gov/language-access ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Christina Okereke
No Known Address

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Chanel Harrison v. District of Columbia Office of United Communications

**To:**  Christina Okereke                          **Case Number:**     2025-CAB-006223

**NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE**

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **12/19/2025** at **9:30 AM** in **Remote Courtroom 415**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb415

   Meeting ID: 129 314 3475

2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice.  For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ. ፍርድ ቤቶች መስማትና ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤት ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባከዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

eFiled
12/19/2025 9:22:25 AM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
*Civil Division*

CHANEL HARRISON
c/o: Timian & Fawcett, LLC
8201 Corporate Dr, Suite 730
Hyattsville, MD 20785

              Plaintiff

vs.

DISTRICT OF COLUMBIA
OFFICE OF THE ATTORNEY GENERAL
400 6th Street, NW
Washington, DC 20001

&

DISTRICT OF COLUMBIA
OFFICE OF THE MAYOR
1350 Pennsylvania Avenue
Washington, DC 20004

              Defendant

Case No: 2025-CAB-006223
Judge Julie H. Becker

## *AMENDED* COMPLAINT

    Plaintiff, Chanel Harrison, by and through her attorneys, Timian & Fawcett, LLC., and Kelly S. Buchanan, brings suit against the Defendant, The District of Columbia, and as grounds therefore states as follows:

    1.    Jurisdiction is vested in this Honorable Court in that the Defendant's tortious actions occurred in the District of Columbia, and the statutory basis of the claim is Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

    2.    That on or about April 30, 2024, in the normal course of Ms. Harrison's workday as a Management Analyst for the Office of Unified Communications (OUC) in the District of

Columbia, coworker Mr. Maurice Clayborne took a microphone, and placed it beside his genitals and made humping motions before placing it inches from Ms. Harrison's mouth while smiling and laughing.

3.      In the absence of her first line supervisor, Mr. Gavin Sures, Ms. Harrison reported the behavior to another manager, Ms. Selena McArthur. Ms. McArthur discouraged Ms. Harrison from reporting Mr. Clayborne's behavior because she "did not want to get him fired." .

4.      That during the course of the OUC's investigation of the incident, the investigator did not interview key witnesses that Ms. Harrison identified as having witnessed the incident, or that Ms. Harrison spoke to directly after.

5.      That during the course of the OUC's investigation, the investigator refused to review footage of the incident that would have corroborated Ms. Harrison's account of what occurred.

6.      That on or around June 10, 2024, Ms. Harrison was removed from her position as a Management Analyst and involuntarily transferred to Human Resources while Mr. Clayborne was allowed to stay in his position.

7.      That on September 20, 2024, OUC denied Ms. Harrison's request for FMLA leave for no reason, instead placing her on administrative leave.

8.      That after the OUC finally approved Ms. Harrison's FMLA, from a period of November 4, 2024, through December 2, 2024, Ms. MacArthur, who was Ms. Harrison's first line supervisor at the time marked Ms. Harrison AWOL 154 times.

9.      That between October and December 2024, Ms. Harrison made many attempts to contact OUC leadership to discuss her return and reintegration into her position. No one responded.

9.      That on or around December 22, 2024, Ms. Harrison discovered that her email and systems access had been fully deactivated,

10.     That, assuming she had been terminated, Ms. Harrison filed for – and was awarded unemployment benefits by Defendant in February 2025.

11.     Under this assumption of termination, Ms. Harrison filed a complaint with the Office of Employee Appeals, however, the administrative judge failed to find that she had been terminated and therefore had no standing.

12.     As a result of the adverse employment Ms. Harrison filed a complaint of retaliation with the District of Columbia Office or Human Rights (cross-filed with EEOC).  Prior to commencing the investigation, the EEOC Deputy Director Philip Hoefs told her that "nobody cares," that this case may be "to heavy" for her, and stated that she did not have any proof to support her claim.

13.     That on February 10, 2025, Defendant/Respondent sent their answer directly to Deputy Director Hoefs, bypassing the EEOC portal entirely and initiating *ex parte* communication between Deputy Director Hoefs and Defendant/Respondent.

14.     That on May 1, 2025, Deputy Director Hoefs sent Ms. Harrison Defendant/Respondent's position statement dated February 10, 2025; meaning that Deputy Director Hoefs withheld this information from Ms. Harrison for nearly three months.

15.     That on May 30, 2025, Ms. Harrison received official notice from Defendant/Respondent that they were terminating her employment.

As a result of Defendant's actions, Plaintiff was diagnosed with Post Traumatic Stress Disorder and Generalized Anxiety Disorder, which caused her to sustain panic attacks, weight loss, and sleep disturbances.  Despite treatment and medication, Ms. Harrison continues to suffer from poor sleep, panic attacks, persistent headaches, chest tightness, tremors, and dizziness.

**WHEREFORE,** Plaintiff, Chanel Harrison, prays that this Honorable Court enter judgment against the Defendant, The District of Columbia in the sum of $625,000.00 (six

hundred twenty five thousand dollars) inclusive of back pay and compensatory damages, plus the

cost of filing this suit and interest; reassignment to a remote only role as a GS-13, record

correction, and attorney's fees and costs of filing this suit.


**TIMIAN & FAWCETT, LLC**

*Kelly Buchanan*
Kelly S. Buchanan. #90009352
8201 Corporate Drive, Suite 730
Hyattsville, MD 20785
(240) 487-7560
kelly@timianfawcett.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by a jury as to all issues of fact herein.

TIMIAN & FAWCETT, LLC

*Kelly Buchanan*

Kelly S. Buchanan Esq. #90009352
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this __16___ day of _December_2025, a copy of Plaintiff's Notice of Deposition was served via email or certified mail, postage pre-paid to:

Attorney General Brian Schwalb
400 6th Street, NW
Washington, DC 20001

Mayor Muriel Bowser
1350 Pennsylvania Avenue NW
Washington, DC 20004

Miles A. Coll
Assistant Attorney General
400 6th Street, NW
Washington, DC 20001
Miles.coll@dc.gov

TIMIAN & FAWCETT, LLC

/s/ Kelly S. Buchanan
Kelly S. Buchanan, Esq.
*Attorney for Plaintiff*

eFiled
12/19/2025 9:22:25 AM
Superior Court
of the District of Columbia



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Chanel Harrison
_____
                                    Plaintiff
                vs.

                                                          Case Number  2025-CAB-006223

District of Columbia Office of the Mayor
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Kelly S. Buchanan, Esq.
_____
Name of Plaintiff's Attorney                          Clerk of the Court

8201 Corporate Dr, Suite 730
_____          By  _____
Address                                                          (Deputy Clerk)
Hyattsville, MD 20785

240-487-7560
_____          Date  12/19/25
Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요.    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                          Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Chanel Harrison
_____
                                    Plaintiff
                    vs.

                                                        Case Number   2025-CAB-006223

District of Columbia Office of the Attorney General
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Kelly S. Buchanan, Esq.                                    _Clerk of the Court_
_____
Name of Plaintiff's Attorney

8201 Corporate Dr, Suite 730                              By _____
_____
Address                                                              Deputy Clerk
Hyattsville, MD 20785

240-487-7560                                              Date   12/19/25
_____
Telephone

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

eFiled
12/19/2025 1:56:16 PM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

CHANNEL HARRISON,

              *Plaintiff*      *

                     Case No. 2025 CAB 006223
                     Judge Julie H. Becker

       v.      *
               *

DISTRICT OF COLUMBIA,.     *

              *
           *Defendant*      *

**PLAINTIFF CHANEL HARRISON'S RESPONSE TO DEFENDANT DISTRICT OF COLUMBIA OFFICE OF UNIFIED COMMUNICATIONS MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Plaintiff Chanel Harrison, by counsel, respectfully request this Honorable Court, pursuant to Super. Ct. Civ. R. (12)(b)(5), deny District of Columbia Office of Unified Communications' ("OUC") Motion to Dismiss. In the alternative, Plaintiff Chanel Harrison will provide a more definite statement under Super. Ct. Civ. R. 12(e) for the court to consider. In support of Plaintiff's Response to OUC's Memorandum of Law in Support of Defendant's Motion to Dismiss, Plaintiffs refer this Court to the accompanying Memorandum of Points and Authorities.

Plaintiff Chantel Harrison also respectfully requests that this Honorable Court accept the new service substituting District of Columbia as Plaintiff.

                               **TIMIAN & FAWCETT, LLC**

                               __/s/ Kelly S. Buchanan_____
                               Kelly S. Buchanan, Esq.
                               8201 Corporate Drive, #730
                               Hyattsville, MD 20785

240-487-7560
DC Bar# 90009362
kelly@timianfawcett.com
*Attorney for Plaintiff*

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| Chanel Harrison | * | |
| *Plaintiff* | * | Case No: CAL21-13936 |
| v. | * | |
| District of Columbia | * | |
| Defendant | * | |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS', CHANEL HARRISON'S RESPONSE TO DEFENDANT DISTRICT OF COLUMBIA OFFICE OF UNIFIED COMMUNICATIONS' MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT</u>

Plaintiff, Chanel Harrison, by and through undersigned counsel, submits this Memorandum of Points and Authorities in support of their Response to District of Columbia Office of Unified Communications' ("OUC"), Motion to Dismiss.

### I.    Relevant Facts and Procedural Posture

On April 30, 2025, Plaintiff Chanel Harrison was sexually harassed by a co-worker in the normal course of her workday as a Management Analyst with the OUC. Plaintiff reported the offensive behavior to a manager, who discouraged Plaintiff from reporting the co-worker's behavior up the chain.

After Plaintiff issued a written statement of the incident, OUC conducted an internal investigation, The investigator, however, refused to review any of the witnesses Plaintiff identified as having knowledge of the incident.  Further, the investigator failed to review video footage of the incident that would have corroborated Plaintiff's account of what occurred.  Roughly a month after

the incident occurred, OUC retaliated against Plaintiff for reporting the harassing behavior by removing her from her position as a Management Analyst and involuntarily transferring her to Human Resources.  At this time, Plaintiff began documenting the retaliation to human resources

The retaliation continued in the months that followed.  When Plaintiff filed for FMLA leave in September 2025, OUC placed her on administrative leave instead of granting her leave request. When OUC finally did approve Plaintiff's FMLA, her supervisor marked her AWOL 154 times. When Plaintiff attempted to contact OUC leadership to discuss her return from leave and reintegration into her position, she was met with silence.

OUC deactivated Plaintiff's system and email access on December 22, 2024, Plaintiff, assuming she had been fired, filed for and was awarded unemployment benefits by OUC.  Armed with the knowledge that OUC had approved her unemployment benefits – proof that she had indeed been fired – Plaintiff filed a complaint with the District of Columbia Office of Administrative Appeals. The Administrative Judge, however, found she had no standing as she had not been "terminated."

Plaintiff, now in limbo between employment and unemployment, filed a complaint of retaliation with the D.C. Office of Human Rights.  Prior to investigating the claim, EEOC Deputy Director told Plaintiff that "nobody cares" and that she lacked proof to support her claim.  As further proof that the District of Columbia was conducting a sham investigation, Defendant OUC chose not to go through the EEOC portal and initiated *ex parte* communication with the Deputy Director. Further, the EEOC Deputy Director held Defendant's position statement in its possession for three months before sending it to Plaintiff, effectively barring any opportunity for response. OUC "officially" terminated Plaintiff on or around May 30, 2025.  Plaintiff, through her attorney, filed a complaint in the Superior Court of the District of Columbia on September 16, 2025.

.

4

## II.    Argument

### A.  Legal Standard

Pursuant to Super. Ct. Civ. R. (12)(b), a motion to dismiss may be granted when there is insufficient service of process 12(b)(5) and failure to state a claim on which relief can be granted 12(b)(6), *inter alia*.  In the alternative, 12(e) permits Plaintiff to propound a more definite statement to accompany an allegedly ambiguous pleading.

1.Rule 12(b)(5)

Defendant correctly points out that to effectuate proper service on a District of Columbia Agency, a plaintiff must either deliver the service package to the Mayor, the Attorney General, and the Agency deprive the Superior Court of jurisdiction. In fact, the very case Defendant cites to in its Motion stands for the this very premise. "We conclude,  however, that Neill's non-compliance with  those  requirements did  not  deprive  the  Superior  Court  of jurisdiction over his petitioner otherwise  justify its dismissal." *Neill v. District of Columbia Public Employee Relations Bd*., 93 A.3d 229, 236 (D.C. 2014).  Plaintiff has rectified its error and served both the Mayor and Attorney General of the District of Columbia and has served the Complaint on both by Certified Mail.  The Superior Court retains jurisdiction over this petitioner.

Defendant also correctly addresses the fact that agencies within the District of Columbia are *non sui juris*, or not suable as a separate entity.  (Defendant's Motion at 6).  Because of the District of Columbia's unique city-state status, when claims are brought against a non sui juris agency, courts may substitute the District of Columbia as the proper defendant.  *Id.*

2. Rule 12(b)(6)

Plaintiff contends that she complied with Rule 8(a), and that the pleading contain a short, plain statement of the claim, showing pleader is entitled to relief.  Super. Ct. Civ. R. 8(a). Defendant mischaracterizes this as a discrimination claim, when in reality, Plaintiff brings this claim under Title VII's retaliation provision.  The key elements to prove in a Title VII retaliation claim are protected activity, materially adverse action, and a causal connection.

a.      Protected activity.  § 704(a) of Title VII expressly protects employee from retaliation for filing a charge of sex-based discrimination and harassment. Plaintiff reported the harassment up her chain of command beginning the date it occurred, April 30, 2024. Plaintiff reported the harassment to EEOC Investigator Phillip Hoff on September 20, 2024, and filed the formal complaint of sex-based harassment and discrimination with the District of Columbia Office of Human rights (cross-filed with the EEOC) the same day.

b.      Materially adverse action.  In *Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006), the Supreme Court settled the definition of what is an adverse employment action in the retaliation context.  According to the Court, materially adverse encompasses not just the obvious termination and demotion but also includes "actions (that) may dissuade a reasonable worker from making or supporting a charge of discrimination."

Here, a myriad of adverse actions to Plaintiff's employment occurred at the hands of defendant, ultimately culminating in her termination.  Beginning with the involuntary transfer (June 10, 2024), Defendant had a longstanding pattern of sabotaging the Plaintiff's workplace, before finally getting rid of her altogether.  When Plaintiff initially reported the misconduct to manager Selena McArthur, she discouraged Plaintiff from reporting further. Shortly after reporting the incident, Plaintiff was transferred out of her position and involuntarily placed in another position within OUC.  The harasser, however, was allowed to stay in his position.

As they say, the hits kept coming. OUC denied Plaintiff's FMLA request on September 20, 2024, and placed her on administrative leave the same day; marked her AWOL 153 times despite her status on administrative leave deactivated her email and

systems access on December 20, 2024, and ultimately terminated her on or about May 30, 2025.

c.  Causal connection. Retaliation need not be the "but for" cause of the employee's termination, but one of the motivating factors in employer's decision to take adverse action. *University of Texas S.W. Med. Ctr. v. Nassar*, 570, U.S. 338 (2013).  Without direct or circumstantial evidence, causation is proven by temporal proximity.

        Here is clear from the timing – and from the fact that Plaintiff had never had a derogatory performance review that, at the very least, her protected activity was a motivating factor in Defendant's adverse employment action.

3    Rule 12(e).

In the alternative, Plaintiff is happy to provide a more detailed statement of the illegal termination and harassment suffered at Defendant's hands, which is illustrated in the foregoing section of this Opposition Motion.  In short, Plaintiff engaged in protected activity (reporting sexual harassment) and suffered adverse employment action (involuntary transfer, denial of FMLA, denial of systems and email access, and termination).  The protected activity and the adverse action's causal connection can be proven by temporal proximity as the adverse action began nearly immediately after Plaintiff reported the harassment and escalated after she initiated her EEO compliant.  Further, Plaintiff is held to the standard articulated in, *University of Texas S.W. Med. Ctr. v. Nassar* – that protected activity need not be the but for cause of employer's decision to take adverse action, but merely a motivating factor.

### 3.  Conclusion

        Federal statutes and case law prevent employers from taking adverse action against an employee for reporting protected activity.  Though Plaintiff has already been terminated, barring her claim on nothing more than Defendant's Motion to Dismiss would run contrary to federal statutes and case law and would leave innocent victims, like Ms. Harrison, without any avenue to

relief. Ms. Harrison respectfully requests this Honorable Court the opportunity to proceed on her claim of workplace retaliation.

**Request for Hearing**

The Plaintiffs, through counsel, respectfully request a hearing for their Response to Defendant's, District of Columbia Motion to Dismiss and Request for Hearing.

**REQUESTED RELIEF**

For the reasons stated above, Plaintiffs, through counsel respectfully ask the Court to:

1) DENY Defendant District of Columbia's, Motion to Dismiss;

2) GRANT Plaintiff's Response to Defendant's, District of Columbia's Motion to Dismiss and Request for Hearing;

3) GRANT Plaintiffs' costs and reasonable attorney fees incurred to defend this Defendant's Motion to Dismiss; and

4) Order any other relief that the Court deems just, equitable, and proper.


**TIMIAN & FAWCETT, LLC**


__/s/ Kelly S. Buchanan____
Kelly S. Buchanan, Esq.
8201 Corporate Drive, #730
Hyattsville, MD 20785
240-487-7560
DC Bar# 90009352
kelly@timianfawcett.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this __19___ day of December 2025, a copy of Plaintiff's Opposition to Defendant's Motion to Dismiss was served via electronic mail and/or mailed certified, postage pre-paid to:

Attorney General Brian Schwalb
400 6th Street NW
Washington, DC 20001

Mayor Muriel Bowser
1350 Pennsylvania Avenue NW
Washington, DC 20004

Miles A. Coll
Assistant Attorney General
400 6th Street NW
Washington, DC 20001
Miles.coll@dc.gov

**TIMIAN & FAWCETT, LLC**

_/s/ Kelly S. Buchanan___
Kelly S. Buchanan, Esq.
*Attorney for Plaintiff*

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
*Civil Division*

CHANEL HARRISON            *
                          *
            Plaintiff      *
                          *        Case No: 2025-CAB-006223
                          *        Julie H. Becker
vs.                        *
                          *
DISTRICT OF COLUMBIA       *
OFFICE OF THE ATTORNEY GENERAL. *
400 6th Street NW          *
Washington, DC 20001       *
                          *
DISTRICT OF COLUMBIA       *
OFFICE OF THE MAYOR        *
1350 Pennsylvania Avenue   *
Washington, DC 20004       *
                          *
            Defendants      *

## ORDER

Upon consideration of Defendant's Motion for Summary Judgment and Plaintiff's Response to Defendant's Motion to Dismiss it is this _____ day of _____, 2026, in the Superior Court of the District of Columbia hereby;

**ORDERED**, that a hearing be scheduled for_____, 2026.


_____
                                JUDGE

cc:

Kelly S. Buchanan, Esq.
Timian & Fawcett, LLC

8201 Corporate Drive, Suite 730
Hyattsville, Maryland 20785
*Attorney for Plaintiff*

Attorney General Brian Schwalb
400 6th Street NW
Washington, DC 20001


Mayor Muriel Bowser
1350 Pennsylvania Avenue NW
Washington, DC 20004

Miles A. Coll
Assistant Attorney General
400 6th Street NW
Washington, DC 20001
Miles.coll@dc.gov

eFiled
12/19/2025 4:44:09 PM
Superior Court
of the District of Columbia

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

CHANEL HARRISON,

    *Plaintiff*,

    v.

DISTRICT OF COLUMBIA OFFICE OF
UNIFIED COMMUNICATIONS,

    *Defendant*.

2025 CAB 006223
Judge Julie H. Becker
Next Court Date: March 6, 2026
Event: Initial Scheduling Conference

## DEFENDANT'S OPPOSED MOTION TO EXTEND TIME TO RESPOND TO THE AMENDED COMPLAINT

Defendant District of Columbia (the District) respectfully moves for an extension of time to respond to the Amended Complaint. Plaintiff Chanel Harrison complains of employment discrimination under Title VII of the Civil Rights Act of 1964, which she alleges that she experienced during her employment with the District of Columbia Office of Unified Communications (OUC). *See* Am. Compl. Plaintiff originally filed this action against OUC in September 2025, and OUC moved to dismiss the action on December 8, 2025. On December 19, 2025, Plaintiff filed the Amended Complaint, naming the District as the proper defendant. Accordingly, under Sup. Ct. Civ. R. 12-I(g), the District's response to the Amended Complaint is currently due on January 2, 2026. The District requests a 30-day extension of this deadline until February 1, 2026.

Rule (6)(b)(1) of the Superior Court Rules of Civil Procedure allows for extensions of existing deadlines by showing "good cause." The District files this motion before the expiration of the current deadline for its response to the Amended Complaint, and good cause supports this request. After December 19, 2025, undersigned counsel will no longer be employed by the

Office of the Attorney General, so additional time is needed to reassign this matter to another

Assistant Attorney General, and for that attorney to review the allegations in the Amended

Complaint, investigate Plaintiff's new allegations, research the applicable law, draft an

appropriate response to the amended pleading, and conduct the necessary supervisory and client

review of the District's response before filing.

This is the District's first request for an extension of its response deadline.  Although

Plaintiff has not responded to the District's request for consent to extend the deadline, Plaintiff

would not be prejudiced by the granting of the requested extension.  Indeed, the initial

scheduling conference is not until March 6, 2026.

For these reasons, the District respectfully requests that the Court grant this motion.


Date: December 19, 2025                    Respectfully submitted,

                                          BRIAN L. SCHWALB
                                          Attorney General for the District of Columbia

                                          CHAD COPELAND
                                          Deputy Attorney General
                                          Civil Litigation Division

                                          */s/ Christina Okereke*
                                          CHRISTINA OKEREKE [219272]
                                          Chief, Civil Litigation Division Section II

                                          */s/ Miles A. Coll*
                                          MILES A. COLL*
                                          Assistant Attorney General
                                          400 6th Street, NW
                                          Washington, D.C. 20001
                                          (202) 285-0958
                                          miles.coll@dc.gov

                                          *Counsel for Defendant District of Columbia*

                                          *Admitted to practice only in the State of New
                                          York.  Practicing in the District of Columbia under

2

the direct supervision of Christina Okereke, a member of the D.C. Bar, pursuant to D.C. Court of Appeals Rule 49(c)(4).

## **RULE 12-I CERTIFICATION**

This certifies that, on December 19, 2025, I attempted to email Plaintiff's counsel at the email address listed on the docket, but I did not receive a response.

*/s/ Miles A. Coll*
MILES A. COLL
Assistant Attorney General

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| CHANEL HARRISON, | |
| *Plaintiff*, | |
| v. | 2025 CAB 006223 |
| | Judge Julie H. Becker |
| DISTRICT OF COLUMBIA OFFICE OF | |
| UNIFIED COMMUNICATIONS, et al. | |
| *Defendants*. | |

**ORDER**

Upon consideration of Defendant's Opposed Motion to Extend Time to Respond to the Amended Complaint, any opposition and reply thereto, and the entire record, it is this _____ day of _____ 2025, hereby

**ORDERED** that Defendant's Motion is **GRANTED**; and it is further

**ORDERED** that Defendant shall file its response to the Amended Complaint on or before February 1, 2026.

**SO ORDERED**.

_____
Judge Julie H. Becker
Superior Court of the District of Columbia

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

CHANEL HARRISON,

       *Plaintiff*,

     v.

DISTRICT OF COLUMBIA OFFICE OF
UNIFIED COMMUNICATIONS, et al.

       *Defendants*.

2025 CAB 006223
Judge Julie H. Becker

**ORDER**

Upon consideration of Defendant's Opposed Motion to Extend Time to Respond to the
Amended Complaint, any opposition and reply thereto, and the entire record, it is this ___5th___
day of __January, 2026__, hereby

**ORDERED** that Defendant's Motion is **GRANTED**; and it is further

**ORDERED** that Defendant shall file its response to the Amended Complaint on or
before February 1, 2026.

**SO ORDERED**.

_____
Judge Julie H. Becker
Superior Court of the District of Columbia



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Christina Okereke
400 6th Street NW
Washington DC  20001

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Chanel Harrison v. District of Columbia Office of United Communications

**To:**  Christina Okereke                    **Case Number:**    2025-CAB-006223

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **03/06/2026** at **9:30 AM** in **Remote Courtroom 415**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb415

   Meeting ID: 129 314 3475

2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

Accessibility and Language Access Information for Superior Court

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice.  For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቋልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ. ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤት ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access  ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።



Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Kelly Suzanne Buchanan
8201 Corporate Drive #730
Hyattsville MD  20785

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:**   Chanel Harrison v. District of Columbia Office of United Communications

**To:**  Kelly Suzanne Buchanan                    **Case Number:**    2025-CAB-006223

### NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE
Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **03/06/2026** at **9:30 AM** in **Remote Courtroom 415**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**
1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb415

   Meeting ID: 129 314 3475

2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**
1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**
1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

Accessibility and Language Access Information for Superior Court

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice. For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፦**

የዲ.ሲ. ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤት ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች ፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናግሩ። ለበለጠ መረጃ፣ https://www.dccourts.gov/language-access ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።